IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SYLVIA HOOD                                                                                          PLAINTIFF

VS.                                                      CIVIL ACTION NO. 4:10-cv-00009-SA-DAS

CITY OF CLEVELAND                                                                             DEFENDANT

**MEMORANDUM OPINION**

Presently before the Court is Defendant City of Cleveland's Motion for Summary Judgment [32]. The Court finds as follows:

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

Sylvia Hood began working as a clerk for the City of Cleveland Public Works Department in 1994. Hood's duties were primarily secretarial, and included taking care of customers and answering the phone. She was terminated on October 10, 2008, pursuant to an employee action request filed on September 23, 2008, by her supervisor, Brett Moorman. The action request lists the reason for termination as "Employee is not dependable on a regular basis. She has been with the City for several years and continues to make the same mistakes over and over. She is unable to successfully complete her job functions."

On the day of Hood's termination, Moorman wrote Hood a letter informing her that she was being terminated due to excessive absences. Moorman wrote, "[p]lease understand that even with legitimate excuses, we still need to limit our absences." The letter noted that Hood was allowed 22 days of excused leave a year, and included a table showing that Hood had taken 28.72, 30, and 48.31 days of leave over the past three years, respectively. Hood unsuccessfully sought unemployment benefits, which were denied on the basis that her " excessive absenteeism constitute[d] misconduct

connected with the work."

On January 1, 2010, Hood filed suit against the City in the Circuit Court of Hinds County, alleging age and disability discrimination. The case was removed to federal court and transferred to the Northern District of Mississippi. By stipulation of the parties, Hood's disability discrimination claim was dismissed with prejudice on March 3, 2010. On August 16, 2010, Hood filed an Amended Complaint [30] which included a claim that the City violated the Family and Medical Leave Act (FMLA).[1] Discovery has concluded, and the City has now filed a Motion for Summary Judgment which is ripe for adjudication.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an

---

[1]The Amended Complaint also retains a claim under the American's with Disabilities Act, despite a prior Stipulation of Dismissal [11] with prejudice of all Plaintiff's claims brought pursuant to the ADA.

adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

## ANALYSIS AND DISCUSSION

The summary judgment record before the court is sparse. In response to Defendant's Motion, Plaintiff has attached only a two page affidavit and the charge of discrimination filed with the Equal Employment Opportunity Commission.

A.  **Age Discrimination Claim**

Hood, who is 63 years old, alleges that the City discriminated against her in violation of the Age Discrimination in Employment Act (ADEA). Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate . . . with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

To prove an ADEA claim, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Servs., Inc., ---U.S. ----, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009). Because Hood offers no direct evidence of age discrimination, her claim is analyzed under

3

the framework set forth in McDonnell Douglas Corp. v. Green.[2]

To establish a prima facie case of age discrimination in a termination case, "a plaintiff must show that (1) [s]he was discharged; (2) [s]he was qualified for the position; (3) [s]he was within the protected class at the time of discharge; and (4) [s]he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378 (5th Cir. 2010) (quoting Berquist v. Wash. Mut. Bank., 500 F.3d 344, 349 (5th Cir. 2007)).

If the plaintiff establishes a prima facie case of discrimination, the defendant then has the opportunity to rebut the presumption of discrimination by proffering a legitimate, nondiscriminatory reason for the adverse employment action. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). This burden is one of production, not persuasion. Id. If this burden is met, the Plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but a prextext for discrimination. Jackson, 602 F.3d at 378 n.12 (citing Reeves, 530 U.S. at 142-43). A plaintiff may show pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" Id. (quoting Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003)).

For summary judgment purposes, the Plaintiff has made a prima facie case. There is no dispute that Plaintiff was in the protected class of employees over the age of 40. 29 U. S .C. § 631(a).

---

[2]411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). While the Supreme Court has not definitively resolved whether the McDonnell Douglas framework is applicable to the ADEA, see Gross, 129 S. Ct. at 2349 n. 2, this Court will continue to apply Fifth Circuit precedent which holds the McDonnell Douglas framework applies to ADEA actions. Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378 (5th Cir. 2010).

Nor does the City deny that Plaintiff was qualified, that her termination constituted an adverse employment action, or that she was replaced with someone younger. In response, the City asserts that it possessed a legitimate, non-discriminatory reason for terminating Hood: the fact that she had exceeded the City's allowed 22 days of leave time for each of the past three years.

The Court finds, and Hood fails to dispute, that this is a legitimate, non-discriminatory reason. However, Hood alleges that the reason is pretextual because "another clerk under the age of forty also had attendance issues; however, she was only given a written reprimand." The only evidence Hood offers on this point is: (1) her own affidavit, which states "Brandy Murphy, who was under forty (40) years of age, also had several days that she missed; however, she was given a written warning instead of being terminated as I was without a written warning," and (2) her charge of discrimination, which states "The other clerk in the office who is younger has a comparable attendance record but has not been disciplined or discharged. I was promptly replaced by a much younger person."

An employee who proffers a fellow employee as a comparator to show disparate treatment must demonstrate that the employment actions at issue were taken "under nearly identical circumstances." Lee v. Kansas City Southern Ry. Co., 574 F.3d 253, 260 (5th Cir. 2009). The misconduct for which Plaintiff was discharged must be "nearly identical" to the misconduct engaged in by the other employee. Merritt v. UPS, 321 F. App'x 410, 413-14 (5th Cir. 2009). Further, the "employee being compared must have 'held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.' " Brooks v. Lubbock Cnty. Hosp. Dist., 373 F. App'x 434, 436 (5th Cir. 2010) (quoting Lee, 574 F.3d at 259); see also Merritt, 321 F. App'x at 414.

Hood's own vague and conclusory statement that another, un-named clerk in the office had a "comparable attendance record but has not been disciplined or discharged" is simply not enough to demonstrate that the purportedly disparate action was taken under "nearly identical circumstances." The comparison to Brandy Murphy also fails to establish "nearly identical circumstances;" Hood only states that Murphy missed "several" days and received a reprimand, but Hood exceeded the allowable number of absences in each of the previous three years, missing over 48 days of work in the 2007/2008 year alone. Hood has failed to carry her burden to offer some proof that the City's stated reason for her termination was pretextual and that her age was the "but-for" cause of her termination. Summary judgment is appropriate as to this count.

B. **FMLA Claim**

The Family and Medical Leave Act (FMLA) grants eligible employees an entitlement to up to 12 weeks of unpaid leave during any twelve month period for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1).[3] Hood's complaint alleges that the City counted FMLA absences to support Hood's termination, a violation of 29 C.F.R. § 825.220(c).[4] The City argues that summary judgment is appropriate because there is no evidence in the record that Hood has a "serious health condition" making her eligible for FMLA leave.

---

[3] The FMLA also provides leave when an employee needs to care for a newborn child, place a child for adoption, care for a family member with a serious health condition, or because of any "qualifying exigency" arising out of a family members military service. None of these circumstances are present in the instant case.

[4] "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions. . . ." 29 C.F.R. § 825.220(c) (2008). As Hood's claim arose in October, 2008, the regulations in effect at that time apply to this action. Price v. Marathon Cheese Corp., 119 F.3d 330, 334 n.12 (5th Cir. 1997).

To make a prima facie case for interference with FMLA rights, a plaintiff must first demonstrate that her leave was protected under the FMLA. Ford-Evans v. United Space Alliance, LLC, 329 F. App'x 519, 523 (5th Cir. 2009) (citations omitted). To survive summary judgment, Hood must raise a genuine issue of material fact that she was eligible for FMLA-protected leave. Lindsey v. Chevron U.S.A., Inc., 51 F. App'x 929, 2002 WL 31415255, at *6 (5th Cir. Oct. 10, 2002). "Whether an illness or injury constitutes a 'serious health condition' under the FMLA is a legal question that an employee may not sidestep in the context of summary judgment merely by alleging h[er] condition to be so." Haefling v. United Parcel Serv., Inc., 169 F.3d 494, 499 (7th Cir. 1999).

A serious health condition is defined as "an illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Regulations promulgated by the Department of Labor further define a serious health condition, in relevant part, as follows:

> (a) For purposes of FMLA, "serious health condition" entitling an employee to FMLA leave means an illness, injury, impairment, or physical or mental condition that involves: . . . (2) Continuing treatment by a health care provider. A serious health condition involving continuing treatment by a health care provider includes any one or more of the following: (i) A period of incapacity (i.e., inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition . . . (iii) Any period of incapacity or treatment for such incapacity due to a chronic serious health condition . . . (iv) A period of incapacity which is permanent or long-term due to a condition for which treatment may not be effective.

29 C.F.R. § 825.114(a) (2008). Hood does not make an argument as to what specific subsection her

condition falls under,[5] but each requires a showing of "incapacity." The Fifth Circuit has stated "FMLA coverage applies only to health conditions that cause or threaten to cause 'incapacitation' and where absence from work is 'necessary.'" Ford-Evans, 329 F. App'x at 528 (5th Cir. 2009) (citing Mauder v. Metro. Transit Auth., 446 F.3d 574, 581-82 (5th Cir. 2006); Murray v. Red Kap Indus., Inc., 124 F.3d 695, 698 (5th Cir. 1997); Price v. Marathon Cheese Corp., 119 F.3d 330, 335 (5th Cir. 1997)). "Even with mild to moderate impairment, an employee is still considered able to perform the functions of her position for FMLA purposes." Ford-Evans, 329 F. App'x at 528 (citing Price, 119 F.3d at 335).

In Price v. Marathon Cheese Corp., the Fifth Circuit considered whether a terminated employee's carpal tunnel syndrome was a "serious health condition." Price, 119 F.3d at 332-35. The employee's doctor testified that she had a "mild to moderate impairment" for which he prescribed a conservative treatment. Id. at 335. The Court "acknowledge[d] that carpal tunnel syndrome . . . can be a serious health condition . . . but Price's manifestation, as described by her treating physician, did not rise to the level of 'serious health condition' for purposes of the FMLA . . . there is a dearth of evidence that she was actually incapacitated during her absence." Id.

Here, the only evidence Hood produces in support of her FMLA claim is her own affidavit and her charge of discrimination filed with the EEOC, the relevant portions of which read as follows:

    3.    In April or May 2008, I was required to family medical leave for bronchitis.
    4.    I was out of work for approximately two to three weeks on this family medical leave under the care of a doctor. During this time my doctor did not approve me to return to work.
    5.    Brent Moorman informed me that he would take care of the family medical

---

[5]Hood simply states: "Plaintiff was subjected to a 'serious health condition' on two occasions in 2008 were[sic] she was under doctor's care for bronchitis, and could not return to work for several weeks."

      leave, and that I should just get well.
6.     In September 2008, I was required to have family medical leave for bronchitis.
7.     I was out of work for approximately three weeks under the care of a doctor because of this medical condition. During this time my doctor did not approve me to return to work.
8.     Defendant was aware I was out sick with bronchitis as I had always called in every other day at minimum. I specifically informed Brandy Murphy, who worked as a clerk under Brett Moorman, of my medical condition.
9.     At no time was I required to fill out any family medical leave paperwork.
10.    The Defendant shows that I missed 26.31 days without pay; however, all of these days were days I was off on family medical leave.

Hood's charge of discrimination states "I was absent due to illness and always had a doctor's excuse." Viewing this evidence in the light most favorable to Hood, it establishes that Hood had bronchitis, "was under the care of a doctor," and missed work, but fails to demonstrate that her bronchitis was a "serious health condition" entitling her to protection under the FMLA.

Hood's affidavit contains conclusory assertions that she required FMLA leave for her bronchitis, but it fails to articulate specific facts which would allow a reasonable juror to conclude that her bronchitis qualified as a "serious health condition." See Ford-Evans, 329 F. App'x at 528 ("There is no evidence in the record that her . . . chronic laryngitis is a 'serious health condition' that rendered her incapacitated and unable to work. . ."); Sosa v. Coastal Corp., 55 F. App'x 716, 2002 WL 31933068, at *3 (5th Cir. Dec. 16, 2002) ("Sosa's statement that she could not work because she was in pain in incompetent summary judgment evidence because it was unsubstantiated and conclusory"); Murray v. Red Kap Indus., Inc., 124 F.3d 695, 698 (5th Cir. 1997) ("Murray's testimony here does little, if anything, to help show that her absence from work . . . was necessary"). Hood has provided no medical documentation regarding her condition, and her statements regarding her doctor "not approving her to return to work" are hearsay and incompetent summary judgment

evidence. See Sosa, 2002 WL 31933068, at *3; see also Murray, 124 F.3d at 698. Because Hood has failed to offer evidence that her bronchitis was a "serious health condition," the Court finds the City is entitled to judgment as a matter of law on Hood's FMLA claim.[6]

## CONCLUSION

Defendant's Motion for Summary Judgment [32] is GRANTED, the Plaintiff's claims are dismissed, and this case is closed.

SO ORDERED, this the 15th day of February, 2011.

                                            **/s/ Sharion Aycock**
                                            **UNITED STATES DISTRICT JUDGE**

---

[6]The City also argues that summary judgment is appropriate based on the statute of limitations, failure to give appropriate notice, and claim preclusion. However, because the Court finds Hood failed to establish she suffered from a "serious health condition" entitling her to FMLA protection, a discussion of these issues is unnecessary.